UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
-------------------------------------------------------------------X
                                                                   :
DONNYBROOK INVESTMENTS LTD., AGORA
SARL S.A., ALEMART S.A., AMARILLA                                  :   Case No. 05 CV 4883 (MEA)
AUTOMOTORES S.A., HIGLERDCOMPANY,S.A,:
TILKER COMPANY, S.A., WALTROW TRADE                                :   **AMENDED**
S.A., INVERSORA GLETZER S.A., RONALB                                   **COMPLAINT**
S.A., IRADOWN CONSULTING S.A., BANCA                               :
ELECTRONICA DEL PARAGUAY, SALT CARD
S.A., JORGE ABENTE, MARIANO TOMAS                                  :
ALARCON, INES ALBERDI, EDUARDO ALI,
JOSE D. ARRUABARRENA
ROBERTO JACINTO ALVAREZ, DIEGO                                     :
LEZICA ALVEAR, JUAN NICOLAS ARAOZ,
VIRGINIO BALBI, FONDOS MUTUOS                                      :
BANALEMAN, CARLOS MARIO BARBARIA,
ELIO MANUEL BARROS, SUSANA BEATRIZ                                 :
MARTINEZ, RUBEN BONFIGLIO,
ELBA BLANCO, LUIS EMILIO BRANDANI                                  :
BAYA, CRISTINA V. CAMPOAMOR, LUIS
CANTARELLA, JORGE CARRACEDO,                                       :
RICARDO CARRENO, ATILIO CASARI, JOSE
D. CASSETTAI, ERNESTO CERRO,                                       :
MALLID CHEHADI, SEBASTIAN CORNEJO,
SERGIO COSCIA, PEDRO CREMASCO, JUAN                                :
JOSE CUDA, JORGE JULIAN DUFAU,
MARIA C. DUHAU,                                                    :
PRISCA DUMONT DE CHASSART,
DANIEL DI SILVIO, ADRIANA DI SILVO,                                :
JOSE LUIS ESTEBAN,
RICARDO FERENCICH, LUIS BLANCO                                     :
FERNANDEZ, FEDERICO DEL VALLE FROMM,
ELSA FUGGER, ERNESTO FULGENCIO,                                    :
DANIEL GALLARINO, GABRIEL GALLEGO,
MABEL J. GAMALERI, ANTONIO GAMIZ,                                  :
ERNESTO GARCIA, LUCIO GATABRIA,
LIONEL GIMENEZ, DARDO GHINASSI,                                    :
ZULEMA GONZALEZ URBANI,
CRISTINA MIRTA IDDA,
MARIA C. IERAZI,ROBERTO LEANZA,                                    :
FLORENCIA LOAIZA JARAMILLO, LUIS
LOPEZ, ELBA ESTEVEZ LOSINO,                                        :
OSCAR ANTONIO LUQUIN, PAULA LUZI,
ANGELA MAGANI DE CIGANOTTO,                                        :

LUCIENNE MARTIN,  
ATANASIO MATHEOU, GRACIELA                           :  
MATIENZO, DARDO ANDRES MAZZUFERI,  
ANDRES OLENIK SUSIK, NORMA                           :  
MEMMEL, JAIME MURPHY, MARTIN  
MURPHY, MANUEL MARTINEZ DIAZ,                        :  
ORFILIO H. NARDI, ELVIRA OLSEN  
CARLOS A. ORTIZ, MARGARITA PELLE,                    :  
CARLOS IGNACIO PEREDA,  
JORGE LIVIO PESTONI,  
ALBERTO C. PIATTI, FRANCISCO                         :  
PILEGGI, TERESA PODESTA,  
ANA MARIA POBEGA, RAUL PRIEGUE,  
FRANCISCO RODRIGUEZ, MARIA                           :  
GABRIELA RODRIGUEZ, CECILIA  
ROGRIGUEZ LOURO, EDUARDO ROMERO                      :  
MORGAN, JORGE SALVAT, MIGUEL A.  
SELEME, LUCILA ALICIA SCASSO,                        :  
GUILLERMO E. SIEVERS,  
GUILLERMO SLAVUSKY, HECTOR SOSA,                     :  
JOSE MIGUEL SUBIZAR, VICTOR P. TESTONI,  
ESTELA INES TORTORELLI, OSCAR  
UNGARELLI, JORGE ENRIQUE  
VALDECANTOS, JORGE VEDOYA,                           :  
LYDIA VIRGINIA REYES  
DOMINGO VITALE and ANA VITALE,                       :  

        Plaintiffs,                                :  

  - against -  
                                                                                                          :  

ARTHUR ANDERSEN LLP, and/or ARTHUR  
ANDERSON & CO.,                                      :  

        Defendant.                                 :  

-----------------------------------------------------------------X  

       Plaintiffs, by their attorneys, Gleason & Koatz, LLP, complaining of the

defendant, allege as follows:

    1.    This is an action seeking damages in the millions of dollars caused by

2

defendant's negligent auditing of the Trade and Commerce Banks ("TCB") of the Cayman Islands.

**The Parties**

2. Plaintiff Donnybrook Investments Ltd. is a corporation organized under the laws of the Bahamas, with its principal offices at Bolam House, King & George Streets, Nassau, Bahamas.

3. Plaintiff Agora Sarl S.A., is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at Juan C. Gomez (street) #1348, piso #4 (suite), Montevideo, Uruguay.

4. Plaintiff Alemart S.A., is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at Juan C. Gomez (street) #1348, piso #4 (suite), Montevideo, Uruguay.

5. Plaintiff Amarilla Automotores S.A., is a corporation organized under the laws of the Argentina, with its principal offices at Ruta #11 Km. 1003/800 Resistencia, Chaco, Argentina.

6. Plaintiff Higlerd Company S.A., is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at 33 Orientales 1374, Montevideo, Uruguay.

7. Plaintiff Tilker Company S.A., is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at Colonia 810, Montevideo, Uruguay.

8. Plaintiff Waltrow Trade S.A., is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at 25 de Mayo 288, Oficina 1003,

Montevideo, Uruguay.

9. Plaintiff Inversora Gletzer S.A, is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at Plaza Independencia 811, Montevideo, Uruguay.

10. Plaintiff Ronalb S.A., is a corporation organized under the laws of the Argentina, with its principal offices at Salta 545, Álavarez, Santa Fe, Argentina.

11. Plaintiff Iradown Consulting S.A., is a corporation organized under the laws of the Republic of Uruguay, with its principal offices at Juan C. Gomez (street) #1348, piso #4 (suite), Montevideo, Uruguay.

12. Plaintiff Banca Electrónica del Paraguay is a corporation organized under the laws of the Republic of Paraguay, with its principal offices at Mcal. Lopez #4135 c/Cap. Juan Motta, Asuncion, Paraguay.

13. Plaintiff Salt Card S.A. is a corporation organized under the laws of the Argentina, with its principal offices at calle España 421 (street), Salta, Argentina.

14. Plaintiff Jorge Abente is a citizen and resident of Paraguay, residing at Pte. Franco 825-10 Piso-Edificio Canciller, Asuncion, Paraguay.

15. Plaintiff Mariano Tomas Alarcon is a citizen and resident of Argentina, residing at Charcas (street) 2.777 8vo. "A", Buenos Aires, Argentina.

16. Plaintiff Ines Alberdi is a citizen and resident of Argentina, residing at Callao (street) #1985, Buenos Aires, Argentina.

17. Plaintiff Eduardo Ali is a citizen and resident of Uruguay, residing at General Paz (street) #1391, Montevideo, Uruguay.

18. Plaintiff Jose D. Arruabarrena, is a citizen and resident of Argentina,

residing at Calle 29, num. 848, CP 7620, Balcarce, Argentina.

19. Plaintiff Roberto Jacinto Álvarez is a citizen and resident of Argentina, residing at Maipú (street) #648, piso (apartment) #7 dto. "A", Tandil, Province of Buenos Aires, Argentina.

20. Plaintiff Diego Lezica Alvear is a citizen and resident of Argentina, residing at Callao (street) #1330, piso (apartment) #10 dto. "D", Buenos Aires, Argentina.

21. Plaintiff Juan Nicolás Aráoz is a citizen and resident of Argentina, residing at San Martin (street) #677, 1 piso, dept "A", San Miguel de Tucumán, Argentina.

22. Plaintiff Virginio Balbi is a citizen and resident of Argentina, residing at Florida (street) #142, p3 "D", Buenos Aires, Argentina.

23. Plaintiff Fondos Mutuos Banalemán is a corporation organized under the laws of the Paraguay, with its principal offices at Ave. Mcal López num. 3.333 e/ Salaskin, Edif. Banco Unión 1er piso ( floor), Asunción, Paraguay.

24. Plaintiff Carlos Mario Barbaria is a citizen and resident of Argentina, residing at Av. Pte. Roque Saenz Peña (street) #885, p.3ro. H, Buenos Aires, Argentina.

25. Plaintiff Elio Manuel Barros is a citizen and resident of Argentina, residing at Uruguay (street) #265, piso (apartment) #8, Buenos Aires, Argentina.

26. Plaintiff Susana Beatriz Martinez is a citizen and resident of Argentina, residing at Parana 762, 5A( apartment), Buenos Aires, Argentina.

27. Plaintiff Ruben Bonfiglio is a citizen and resident of Argentina, residing at 47 Calle (street) #1785, 1900 La Plata, Province of Buenos Aires, Argentina.

28. Plaintiff Elba Blanco is a citizen and resident of Argentina, residing at Calle 29 (street), 848, Balcarce, Argentina.

29. Plaintiff Luis Emilio Brandani Baya is a citizen and resident of Argentina, residing at Viamonte 610 (street), piso (apartment) #3, Buenos Aires, Argentina.

30. Plaintiff Alcides Aldo Calabria is a citizen and resident of Argentina, residing at 9 de Julio (street) #4078, Mar del Plata (7600), Province of Buenos Aires, Argentina.

31. Plaintiff Cristina V. Campoamor is a citizen and resident of Argentina, residing at Neuquin (street) #2168, Mar del Plata (7600), Province of Buenos Aires, Argentina.

32. Plaintiff Luis Cantarella is a citizen and resident of Argentina, residing at Honduras (street) #4138, Buenos Aires, Argentina.

33. Plaintiff Jorge Carracedo is a citizen and resident Argentina, residing at Av. del Libertador (street) #2473, piso (apartment) 8 dto. "A", Buenos Aires, Argentina.

34. Plaintiff Ricardo Carreño is a citizen and resident of Argentina, residing at Terrero (street) #60, piso (apartment) #6 dto. "A" 1406, Buenos Aires, Argentina.

35. Plaintiff Atilio Casari is a citizen and resident of Argentina, residing at Merdoza (street) #2573, Mar del Plata, Province of Buenos Aires, Argentina.

36. Plaintiff José D. Cassettai is a citizen and resident of Argentina, residing at Catamarca (street) 1344, 6B (apartment), 7600 Mar de Plata, Argentina.

37. Plaintiff Ernesto Cerro is a citizen and resident of Argentina, residing at 25 de Mayo 799, 5 piso (apartment) "A", Tucumán, Argentina.

38. Plaintiff Mallid Chehadi is a citizen and resident of Argentina, residing at

Av. Jujuy (street) #635 – (4.400), Salta, Argentina.

39. Plaintiff Sebastian Cornejo is a citizen and resident of Argentina, residing at Uruguay (street) #265, 8 piso (apartment), Buenos Aires, Argentina.

40. Plaintiff Sergio Coscia is a citizen and resident of Argentina, residing at Marcelo T. de Alvear (street) #624, Buenos Aires, Argentina.

41. Plaintiff Pedro Creamasco is a citizen and resident of Argentina, residing at Carlos Alvear (street) #4351, Mar del Plata, Province of Buenos Aires, Argentina.

42. Plaintiff Juan José Cuda is a citizen and resident of Argentina, residing at Montes Carballo (street) #2652, Mar del Plata, Province of Buenos Aires, Argentina.

43. Plaintiff Jorge Julian Dufau is a citizen and resident of Argentina, residing at Alem (street) 444 Tandil, Province of Buenos Aires, Argentina.

44. Plaintiff Maria C. Duhau is a citizen and resident of Argentina, residing at Einstein 2352- (7600) Mar de Plata (Bs As), Argentina.

45. Plaintiff Prisca Dumont De Chassart is a citizen of Belgium, residing at Tránsito Cáseres De Allende (street) #518, piso (apartment) #10 "C", Córdoba, Argentina.

46. Plaintiff Daniel Di Silvio is a citizen and resident of Argentina, residing at Boedo 582, 7B (apartment), Buenos Aires, Argentina.

47. Plaintiff Adriana Di Silvio is a citizen and resident of Argentina, residing at Boedo 582, 7B (apartment), Buenos Aires, Argentina.

48. Plaintiff Jose Luis Esteban is a citizen and resident of Argentina, residing at Lopez De Gomara (street) #6711, Mar del Plata, Province of Buenos Aries, Argentina.

49. Plaintiff Ricardo Ferencich is a citizen and resident of Argentina, residing

at Puan 1997 (street), CP 7600, Mar de Plata, Prov. Buenos Aires, Argentina.

50.   Plaintiff Luis Blanco Fernández is a citizen of Spain, residing at Vicario Toscano (street) #223, 4400 Salta, Argentina.

51.   Plaintiff Federico Del Valle Fromm is a citizen and resident of Argentina, residing at Lavalle (street) #511, San Miguel de Tucumán, Argentina.

52.   Plaintiff Elsa Fugger is a citizen of Germany, residing at Uruguay (street) #265, piso (apartment) #8, Buenos Aires, Argentina.

53.   Plaintiff Ernesto Fulgencio is a citizen and resident of Argentina, residing at Jujuy (street) #1.050, Mar del Plata, Province of Buenos Aires, Argentina.

54.   Plaintiff Daniel Gallarino is a citizen and resident of Argentina, residing at Jose P. Varela, 3832, Buenos Aires, Argentina.

55.   Plaintiff Gabriel Gallego is a citizen and resident of Argentina, residing at Virrey Liniers (street) #870, Depto "B", Florida, Buenos Aires, Argentina.

56.   Plaintiff Mabel J. Gamaleri is a citizen and resident of Argentina, residing at Hipólito Irigoyen, 1723, 7A ( apartment), Mar de Plata, Argentina.

57.   Plaintiff Antonio Gamiz is a citizen of Spain, residing at Ave. Córdoba 904, 3A(apartment), 1054, Buenos Aires, Argentina.

58.   Plaintiff Ernesto García is a citizen and resident of Argentina, residing at Av. Belgrano (street) #1678, 4000 San Miguel de Tucumán, Argentina.

59.   Plaintiff Lucio Gatabria is a citizen and resident of Argentina, residing at calle (street) 9 de julio num. 4838, Dto.6, Mar de Plata, Argentina.

60.   Plaintiff Lionel Giménez is a citizen and resident of Argentina, residing at Quintana (street) #3106, Mar del Plata, Province of Buenos Aires, Argentina.

61. Plaintiff Dardo Ghinassi is a citizen and resident of Argentina, residing at Ave. Solanet 1270, Ayacucho, Province of Buenos Aires, Argentina.

62. Plaintiff Zulema Gonzalez Urbani is a citizen and resident of Argentina, residing at Ecuador (street) #1465, piso (apartment) #6 dto. "D", Buenos Aires, Argentina.

63. Plaintiff Cristina Mirta Idda, is a citizen and resident of Argentina, residing at Avenida Maipú 1680, piso 17 Departamento (apartment) A, Vicente López, Province of Buenos Aires, Argentina.

64. Plaintiff Maria C. Ieraci is a citizen and resident of Argentina, residing at Cámpora 2528 ( Ex Monteverde), Merlo, Argentina.

65. Plaintiff Roberto Leanza is a citizen and resident of Argentina, residing at Av. Lope de Vega (street) #691, Buenos Aires, Argentina.

66. Plaintiff Florencia Loaiza Jaramillo is a citizen of Colombia, residing at 14 de Julio 3015, Mar de Plata (7600), Buenos Aires, Argentina.

67. Plaintiff Luis Lopez is a citizen and resident of Argentina, residing at Falucho (street) #5250, Mar del Plata (7600), Province of Buenos Aires, Argentina.

68. Plaintiff Elba Estevez Losino is a citizen and resident of Argentina, residing at Avenida Callao (street) #1685, piso (apartment) #1, Buenos Aires, Argentina.

69. Plaintiff Oscar Antonio Luquin is a citizen and resident of Argentina, residing at Muñecas (street) #155, San Miguel de Tucumán, Argentina.

70. Plaintiff Paula Luzi is a citizen and resident of Argentina, residing at San Luis (street) #3756, Mar del Plata (7600), Province of Buenos Aires, Argentina.

71. Plaintiff Angela Magnani de Ciganoto is a citizen of Italy, residing at

Gallardo (street) #710, Buenos Aries, Argentina.

72. Plaintiff Lucienne Martin is a citizen of Uruguay, residing at Arce 215, Piso 14A(apartment), Buenos Aires, Argentina.

73. Plaintiff Atanasio Matheou is a citizen of Greece and resident of Argentina, residing at Ave. Lidoro J.Quinteros 1111, Buenos Aires, Argentina.

74. Plaintiff Graciela Matienzo is a citizen and resident of Argentina, residing at Galileo (street) #2425, piso (apartment) #6, Buenos Aires, Argentina.

75. Plaintiff Dardo Andrés Mazzuferi is a citizen and resident of Argentina, residing at Misiones (street) #327, Barrio Paso de los Andes, Cordoba, Argentina.

76. Plaintiff Andrés Oleñik Susik is citizen and resident of Paraguay, residing at Juan León Mallorquín (street) #1081 c/ Padre Kreuser, Encarnacíon, Paraguay.

77. Plaintiff Norma Memmel is citizen and resident of Paraguay, residing at Juan León Mallorquín (street) #1081 c/ Padre Kreuser, Encarnacíon, Paraguay.

78. Plaintiff Jaime Murphy is a citizen and resident of Argentina, residing at Colonia Barón (street) #6315, La Pampa, Argentina.

79. Plaintiff Martin Murphy is a citizen and resident of Argentina, residing at Av. Del Libertador (street) #1780, Buenos Aires, Argentina.

80. Plaintiff Manuel Martinez Diaz is a citizen and resident of Argentina, residing at Ave. Santa Fe 1379, Buenos Aires, Argentina.

81. Plaintiff Orfilio H. Nardi is a citizen and resident of Argentina, residing at Einstein 2352- (7600) Mar de Plata (Bs As), Argentina.

82. Plaintiff Elvira Olsen is a citizen and resident of Argentina, residing at Ave. Solanet 1270, Ayacucho, Province of Buenos Aires, Argentina.

83. Plaintiff Carlos A. Ortiz is a citizen and resident of Argentina, residing at Las Heras #3432, Mar del Plata, Buenos Aires, Argentina.

84. Plaintiff Margarita Pelle is a citizen and resident of Argentina, residing at Montevideo 734, Piso 4 ( floor), CP 1019, Buenos Aires, Argentina.

85. Plaintiff Carlos Ignacio Pereda is a citizen and resident of Argentina, residing at Viamonte (street) #3431, Mar del Plata (7600), Province of Buenos Aires, Argentina.

86. Plaintiff Jorge Livio Pestoni is a citizen and resident of Argentina, residing at Reconquista (street) 336 , piso (apartment) 8, Buenos Aires, Argentina.

87. Plaintiff Alberto C. Piatti is a citizen and resident of Argentina, residing at Av. San Martin (street) #1320, P3 "12", Buenos Aires, Argentina.

88. Plaintiff Francisco Pileggi is a citizen and resident of Argentina, residing at Sanchez de Bustamante (street) #2027, #1 piso (apartment), Depto. "D", (1425) Buenos Aires, Argentina.

89. Plaintiff Teresa Podesta is a citizen and resident of Argentina, residing at Ruta (street) Panamerican Km 38.5, Tortugas Country Club, Pilar, Buenos Aires, Argentina.

90. Plaintiff Ana Maria Pobega is a citizen and resident of Argentina, residing at Cavassa 2634 (street), Caseros, Province of Buenos Aires, Argentina.

91. Plaintiff Raul Priegue is a citizen and resident of Argentina, residing at Yerbal (street) #315, piso (apartment) 3 dto. "A", Buenos Aires, Argentina.

92. Plaintiff Francisco Rodriguez is a citizen and resident of Argentina, residing at Itaembe (street) #4, San Carlos, Corrientes, Argentina.

93. Plaintiff Maria Gabriela Rodriguez is a citizen and resident of Argentina, residing at General Paz (street) #611, Posadas, Misiones, Argentina.

94. Plaintiff Cecilia Rogriguez Louro is a citizen and resident of Argentina, residing at Jujuy 1044, 1er piso ( floor), Mar de Plata, CP 7600, Argentina.

95. Plaintiff Eduardo Romero Morgan is a citizen and resident of Argentina, residing at Santa Fe (street) #10, 4to. piso, Dpto. B, Resistencia, Chaco, Argentina.

96. Plaintiff Jose Salvat is a citizen and resident of Argentina, residing at Av. del Libertador (street) #2399, Buenos Aires, Argentina.

97. Plaintiff Miguel A. Seleme is a citizen and resident of Argentina, residing at 9 de julio 485 (street), 4to. piso, San Miguel Tucumán, Argentina.

98. Plaintiff Lucila Alicia Scasso is a citizen and resident of Argentina, residing at Santa Fe 1379, Buenos Aires, Argentina.

99. Plaintiff Guillermo E. Sievers is a citizen and resident of Argentina, residing at Rio Negro (street) #219, CP 5111, Rio Ceballos, Cordoba, Argentina.

100. Plaintiff Guillermo Slavusky is a citizen and resident of Argentina, residing at Esquerdo 1443, Tandil, Argentina.

101. Plaintiff Hector Sosa is a citizen and resident of Argentina, residing at Castilli (street) #6020, Carapachay, Buenos Aires, Argentina.

102. Plaintiff José Miguel Subizar is a citizen and resident of Argentina, residing at Av. N. De la Riestra (street) #5442, piso (apartment) #5 dto. "F" 1439, Buenos Aires, Argentina.

103. Plaintiff Victor P. Testoni is a citizen and resident of Argentina, residing at 56 Calle (street) #372, La Plata, Province of Buenos Aires, Argentina.

104. Plaintiff Estela Ines Tortorelli is a citizen and resident of Argentina, residing at José A. Cabrera (street) #3953, piso (apartment) #1 dto. 23, Buenos Aires, Argentina.

105. Plaintiff Oscar Ungarelli is a citizen and resident of Argentina, residing at Alma Fuerte (street) #2569, Mar del Plata, Province of Buenos Aires, Argentina.

106. Plaintiff Jorge Enrique Valdecantos is a citizen and resident of Argentina, residing at Balcarce (street) #565, San Miguel de Tucumán, Argentina.

107. Plaintiff Jorge Vedoya is a citizen and resident of Argentina, residing at Pasaje Dr. Benjamin Zorrilla (street) #249, Salta, Argentina.

108. Plaintiff Lydia Virginia Reyes is a citizen and resident of Argentina, residing at Puan 1997, CP 7600, Mar de Plata, República de Argentina.

109. Plaintiff Domingo Vitale is a citizen and resident of Argentina, residing at Ramos Mejia #1034, Buenos Aires, Argentina.

110. Plaintiff Ana Vitale is a citizen and resident of Argentina, residing at Ramos Mejia #1034, Buenos Aires, Argentina.

111. Defendant Arthur Andersen LLP ("AA") is an accounting firm and a partnership with its principal offices located at 33 W. Monroe, Chicago, Illinois 60603.

### Jurisdiction and Venue

112. This Court has jurisdiction over the defendant, plaintiffs' claims and the subject matter of this action pursuant to 28 U.S.C.1330.

113. Venue is proper in this district pursuant to 28 U.S.C. 1391(f).

114. The matter in controversy in plaintiffs' claims exceeds the sum of $75,000.00 exclusive of interest or costs.

## BACKGROUND

115. Juan Peirano ("Peirano") together with various members of his family controlled the Velox Group ("Velox"), which had two main areas of business (i) retail operations, and (ii) financial services, consisting of, among other entities, TCB located in the Cayman Islands.

116. In 1998 Peirano acquired TCB through Velox to handle Velox's off-shore banking, as well as to receive deposits from companies and individuals.

117. AA provided services to TCB from 1996 through 2000, including the audit of TCB's consolidated financial statements. AA's auditing services allowed TCB to present to the investing public, including plaintiffs, financial statements that were seemingly, but not in fact, reliable and, consequently, relied upon by depositors.

118. Plaintiffs at various times deposited funds on account with TCB and each plaintiff acquired Certificates of Deposits issued by TCB.

119. From the inception of the relationship between Velox and TCB, Peirano and his family caused TCB to operate two separate sets of account. One set of books was disclosed to regulators and auditors. The second set of accounts recorded the fact that Peirano and his family withdrew the deposits made by plaintiffs in order to fund the activities of Velox and their own personal life styles.

120. Peirano did this through what he designated as the "5000" account in the name of Velox, accounts in the name of Peirano and other family members, Velox Group company accounts and fictitious or code-named accounts.

121.     Peirano admitted that he and family members took between $500 million and $700 million from TCB to support Velox.  Peirano gave no security to TCB to protect its assets or those of plaintiffs, and the withdrawal of such massive sums was not disclosed by Peirano or family members to the appropriate authorities, the Cayman Islands Monetary Authority ("CIMA").

122.     In April 2002, TCB collapsed under the weight of the massive fraud perpetrated by Peirano.

## **Liquidation**

123.     On July 5, 2002, a TCB customer filed a petition in the Grand Court of the Cayman Islands ("Cayman Court") seeking the appointment of provisional liquidators on the grounds that TCB was insolvent and unable to pay its debts.

124.     The Cayman Court appointed G. James Cleaver and H. Jonathan Kahlberg as joint official liquidators and joint provisional liquidators on August 29, 2002.

125.     Shortly after his appointment, Kahlberg went to TCB's Cayman Islands vacant offices and secured the contents including limited documents and computer records.

126.     However, certain of TCB's older, physical books and records were missing from its Cayman Islands office. The records were placed by Peirano in storage in Uruguay and have been seized and are currently in the custody of the Criminal Courts in Uruguay or the Central Bank of Uruguay.

127.     In July 2002, Kahlberg met with Jose Iraola, a director of TCB in Uruguay. The computer hard drives for the server containing TCB financial information had been removed under the direction of Peirano.

128. The computer hard drives were recovered by Kahlberg, but the Criminal Courts of Uruguay confiscated the hard drives, and issued warrants for the arrest of Jose Iraola and Peirano's brother, Jorge Peirano Basso (Kahlberg was later permitted by Uruguayan authorities to forensically image the hard drives; however the computer records are only for the period January 1, 1999 to June 30, 2002).

129. The computer records demonstrated the systematic fraud perpetrated on TCB and on plaintiffs, TCB's customers, by Peirano. The records evidence that TCB maintained two sets of accounts, one set of which reflected a fraction of TCB's assets and liabilities and that formed the basis of disclosures to the CIMA and to TCB's auditors. The second set of records reflected the remaining assets and liabilities and comprises substantial monies due to TCB and plaintiffs from Peirano.

130. The last filing TCB submitted to the CIMA for the period ending March 31, 2002 disclosed assets and liabilities totaling $339 million and $300 million respectively. However, the other set of books showed that the assets and liabilities of TCB as of July 1, 2002 were $937 million and $888 million respectively.

131. Included within the second set of records that neither TCB nor Peirano disclosed to CIMA or to auditors, is call account 5000 in the name of the "Velox Group". Account 5000 reflected a debt due to TCB of $552 million as at June 30, 2002.

132. On June 28, 2002, TCB processed a number of transactions in its accounting records. These transactions were backdated to May 31, 2002. The effect of the backdated transactions was to artificially and fraudulently reduce the debt owed and recorded in the 5000 account of $709 million by $148 million. These transactions fraudulently reduced the amount recorded as deposited by plaintiffs in TCB.

133. Peirano and his family members misappropriated through massive fraud and deceit in excess of $800 million from TCB and used these funds to finance their personal lifestyles and business operations.

## Liquidator Not an Agent of the Creditors

134. Cayman Islands law provides that a liquidator may be appointed by the court as an agent of the court to allocate the property of the estate and distribute its assets in a fair and proper fashion to appropriate creditors.

135. After Uruguayan authorities permitted liquidator Kahlberg to forensically image the hard drives in 2002, Kahlberg was aware of the massive fraud that Peirano committed which AA failed to discover two years earlier. Kahlberg obtained information of such massive fraud and deceit through a routine investigation of Peirano and his assets.

136. Kahlberg as an agent of the Cayman Court and not of the plaintiffs, was under no duty to disclose Peirano's massive fraud or AA's failure to discover that fraud to plaintiffs nor does he have a duty to bring suit on behalf of the creditors.

## Statute of Limitations Accrues at Discovery

137. 735 ILCS 5/13-214.2(a) provides that the statute of limitations for accounting malpractice is two (2) years from the time the person bringing an action knew or should reasonably have known of the accountant's negligence.

138. Plaintiffs were unaware of AA's negligent failure to discover Peirano's massive fraud until September 2004. It is unreasonable and uneconomical for plaintiffs to question the methods of accounting and then further investigate whenever a professional accounting firm like AA audits a company and approves its books. There

17

was no way for plaintiffs to know of their injury caused by AA's failure to discover the massive fraud and deceit in December 31, 2000.

139. Therefore, as provided by 735 ILCS 5/13-214.2(a), the statute of limitations accrued at the moment plaintiffs become aware of AA's negligence in September of 2004, not when AA audited TCB in December 31, 2000, nor when Kahlberg discovered AA's accounting malpractice in 2002. The realization of injury was well within the period allowed by the statute.

### FIRST CLAIM
**(Accounting Malpractice)**

140. For the years 1996 through 2000, TCB engaged AA to provide professional services, which included the audit of TCB's consolidated financial statements. AA performed auditing services in order for TCB to be able to present to the investing public including plaintiffs financial information statements that were seemingly reliable and, consequently, relied upon by plaintiffs.

141. AA was present at TCB's offices and had access to TCB's confidential corporate, financial and business information; however, AA failed to discover Peirano's near billion dollar fraud against TCB's depositors. Liquidator Kahlberg possessed the same information available to AA with respect to TCB. He managed to uncover Peirano's massive fraud and deceit whereas AA negligently failed to do so.

142. Therefore, AA's failure to discover such massive fraud was in reckless disregard of generally accepted audit standards.

143. AA was guilty of a departure from accepted standards of accounting practice, the departure was a proximate cause of financial loss or injury to plaintiffs, and AA's unlawful conduct caused economic harm to plaintiffs.

144. TCB representations were not a substitute for the application of those auditing procedures necessary to afford a reasonable basis for AA's opinion on the financial statements of TCB. Generally Accepted Auditing Standards ("GAAS") required AA to conduct its audit of TCB with professional skepticism. There is no provision of GAAS that excuses an auditor from performing its obligations where the irregularities are the result of a fraud committed by the client's management.

145. Peirano, who was in control of TCB, committed a massive fraud upon plaintiffs and others, which AA should have, in application of GAAS, reasonably discovered.

146. AA violated its obligations to plaintiffs which violation directly caused plaintiffs economic loss.

**WHEREFORE**, plaintiffs respectfully request that this Court enter judgment in favor of plaintiffs and against defendant Arthur Andersen LLP in an amount to be determined at trial plus pre-judgment interest, reasonable attorneys' fees and the costs of this action.

Dated: New York, New York
September 6, 2005

Gleason & Koatz, LLP

By: /s/ John P. Gleason
John P. Gleason (JG 2848)

230 Park Avenue
New York, New York 10169
(212) 985-1544
*Attorneys for plaintiffs*