UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Donnybrook Investments Ltd. et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 05 C 4883 |
| Arthur Andersen LLP, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiffs Donnybrook Investments et al. ("Donnybrook"), depositors in a failed bank, bring this accounting malpractice claim against the bank's auditor, Arthur Andersen ("Andersen"). Presently before us is Andersen's motion to dismiss based on the applicable statutes of limitations and repose. For the reasons that follow, we convert the portion of the Defendant's motion to dismiss that raises statute of limitations issues into a summary judgment motion, and grant the motion.

**BACKGROUND**

The Plaintiffs include 109 creditors of the Trade and Commerce Banks ("TCB") of the Cayman Islands. (Am. Compl. ¶¶ 2 - 110, 118). Andersen provided auditing services to TCB from 1996 through 2000. (*Id*. ¶ 117). In 1998, the Velox Group, which was owned by Juan Peirano ("Peirano") and various members of his family, acquired TCB. (*Id*. ¶ 115). While under his control, Peirano fraudulently withdrew funds from TCB. (*Id*. ¶ 122). He committed this fraud by maintaining two sets of accounting books: one he disclosed to regulators and auditors;

-1-

the other, which recorded the withdrawals Peirano made from TCB, he kept in secrecy. (*Id*. ¶ 119). In April 2002, as a result of Peirano's actions, TCB collapsed. (*Id*. ¶ 122).

On July 5, 2002, a TCB creditor filed a petition with the Grand Court of the Cayman Islands requesting the appointment of a provisional liquidator. (*Id*. ¶ 123). On August 29, 2002, the Cayman Court appointed H. Jonathan Kahlberg and G. James Cleaver as joint official liquidators and joint provisional liquidators. (*Id*. ¶ 124). By July of 2002, Kahlberg obtained computer records that demonstrated the fraud and revealed the two different sets of books. (*Id*. ¶ 129). Donnybrook alleges that Peirano misappropriated over $800 million from TCB. (*Id*. ¶ 133).

On August 24, 2005, Donnybrook filed their claim against Andersen. According to the plaintiffs, Andersen committed accounting malpractice when it failed to discover Peirano's fraud against TCB's creditors. (*Id*. ¶ 141). Donnybrook claims that Kahlberg discovered the fraud using generally accepted auditing standards and that Andersen's failure to identify the fraud was reckless. (*Id*. ¶¶ 141-142).

## STANDARD OF REVIEW

Although Andersen's motion is entitled "motion to dismiss," resolution of the pending issue through Federal Rule of Civil Procedure 12(b)(6) would be improper. Andersen's primary contention is that Donnybrook's action is barred by the two-year statute of limitations and five-year statute of repose. (Mem. Supp. Mot. at 3-9). We do not engage in jurisdictional fact-finding on the statute of limitations defense; if we refer to matters outside the complaint to determine whether the limitations period bars certain claims, then we must convert the motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12(b) (authorizing the court to

convert a motion to dismiss into one for summary judgment governed by the standards of Rule 56); *Stark v. Dynascan Corp.*, 902 F.2d 549, 550 n.1 (7th Cir. 1990). Donnybrook's complaint does not contain the essential information regarding the statute of limitations question. Rather, that information is presented in the various affidavits and attachments submitted with, and in response to, Andersen's motion. Both parties were granted leave to submit additional briefing and/or evidentiary material pursuant to Rule 56. Accordingly, we treat the current motion as one for summary judgment.

Summary judgment is proper only when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotation omitted). Once the moving party meets this burden of production, the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading" but rather "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e). In considering a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255.

# ANALYSIS

A. *Statute of Limitations*

Neither party disputes that the limitations period of this claim is governed by the Illinois Accounting Act ("Act"). (Am. Compl. ¶ 137; Mem. Supp. Mot. at 2). Andersen contends that the Act's 2-year statute of limitations bars this action.

> Actions based upon tort, contract or otherwise against any person, partnership or corporation registered pursuant to the Illinois Public Accounting Act . . . for an act or omission in the performance of professional services shall be commenced within 2 years from the time the person bringing an action knew or should reasonably have known of such act or omission.

735 ILCS 5/13214.2(a). Under Illinois law, the statute of limitations is triggered "when a person knows or reasonably should know of his injury and also knows that it was wrongfully caused. At that point the burden is upon the injured party to inquire further as to the existence of a cause of action." *Lind-Waldock & Co. v. Caan*, 691 F. Supp. 57, 62-63 (N.D. Ill. 1988) (quoting *Witherell v. Weimer*, 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874 (Ill. 1981)).

According to Andersen, the accounting malpractice claim accrued as early as April 2002, the time of TCB's collapse. (Mem. Supp. Mot. at 4). They further argue that the creditor request for provisional liquidators on July 5, 2002 and the appointment of joint official liquidators on August 29, 2002 were likewise sufficient to trigger the statute of limitations. (*Id.*). Because all three of these events occurred more than two years before Donnybrook filed this complaint, Andersen argues that their claim is time-barred.

In response, Donnybrook contends that they were unaware of Andersen's alleged negligent failure to discover Peirano's fraud until September 2004 when the liquidators of TCB disclosed Peirano's fraud and Andersen's negligence. (Mem. Opp. Mot. at 3). Donnybrook

argues that the statute of limitations first began to run when they received official notice from the liquidators. Donnybrook further argues that there exists a genuine issue to be tried because they were denied access to the relevant financial records of TCB. (Pl. Facts ¶ 1).

Donnybrook claims that they had no actual knowledge of potential wrongdoing by Andersen and that they were prevented from discovering potential claims against Andersen because they were not granted access to TCB's financial records. However, a report from TCB's liquidator ("Report of the Third Liquidator of Trade and Commerce Bank on the Estimate of Costs with Regard to the Investigation into the Conduct of the Auditors") put Donnybrook on notice of potential claims against Andersen as early as January 20, 2003. (Def. Reply Br. Ex. 2). The liquidator prepared the memorandum solely to assist TCB creditors in determining whether to investigate the existence of potential claims against auditors of TCB. (*Id.*) Indeed, the report states that "the Third Official Liquidator has been appointed to establish whether there are any negligence claims against the Bank's former auditors in the Cayman Islands, Arthur Anderson LLP." (*Id.*) The fact that the report did not certify the actual existence of a potential claim is irrelevant. The report mentioned the possible existence of a claim and thus, was sufficient to trigger inquiry notice. Accordingly, we agree with Andersen that the claim is time-barred.

   B.    *Statute of Repose*

In the alternative, Andersen argues that Donnybrook's claim is barred by the Act's five-year statute of repose. "In no event shall such action be brought more than 5 years after the date on which occurred the act or omission alleged in such action to have been the cause of injury to the person bringing such action against a public accountant…" 735 ILCS 5/13-214.2(b). A repose period "'gives effect to a policy different from that advanced by a period of limitations;

[the period of repose] is intended to terminated the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge.'" *Cunningham v. Huffman*, 154 Ill. 2d 398, 405, 609 N.E.2d 321, 325 (Ill. 1993) (alteration in original) (quoting *Mega v. Holy Cross Hosp.*, 111 Ill. 2d 416, 422, 490 N.E.2d 665, 668 (Ill. 1986)).

Donnybrook brought this action on August 24, 2005. According to the undisputed evidence, Andersen provided accounting services to TCB from the time period of 1996 through 2000. (Mem. Supp. Mot. at 12; Am. Compl. ¶ 117). Andersen claims that its final audit on TCB's financial statements was issued on or about June 20, 2000, more than five years before the action was filed. (Mem. Supp. Mot. at 12). Donnybrook neglected to submit evidence to dispute Andersen's assertion. Rather, Donnybrook argues that because Anderson provided auditing services for other companies in the Velox Group (TCB's parent company) through 2002, their claim survives the statute of repose. (Pl. Facts ¶ 3).

We disagree. Donnybrook's claim stems from Andersen's auditing services provided to TCB. It is irrelevant that Andersen later provided auditing services to TCB's parent and affiliated companies. Accordingly, Donnybrook's accounting malpractice claim against Andersen is also time-barred by the Act's statute of repose.

## **CONCLUSION**

For the reasons set forth above, we grant summary judgment in favor of Andersen and dismiss the case. It is so ordered.

                                                  MARVIN E. ASPEN
                                                  United States District Judge

Dated: 4/20/06